IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DONALD MORGAN,

          Plaintiff,

vs.

MICHAEL ROBINSON, Washington County Sheriff, an individual; and WASHINGTON COUNTY, NEBRASKA,

          Defendants.

8:14CV212

MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for partial summary judgment, pursuant to Fed. R. Civ. P. 56, Filing No. 38, and motion for a stay, Filing No. 41, and on defendants' motion to strike partial summary judgment pursuant to Fed. R. Civ. P. 56, Filing No. 46, motion to strike request for stay, Filing No. 47, and motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Filing No. 56. The plaintiff filed a complaint for violation of his First and Fourteenth Amendment rights under 42 U.S.C. § 1983 and for breach of contract against defendants Michael Robinson, Washington County Sheriff, and Washington County, Nebraska. Filing No. 1. The Court granted a motion to compel arbitration, Filing No. 36. The case proceeded to arbitration, and the arbitration process is now completed.

**BACKGROUND**

The Court set forth the facts in its previous memorandum order, Filing No. 36. For purposes of these motions, the Court adopts the same facts and includes them in this memorandum and order.[1] This case proceeded to arbitration and the arbitrator

---

[1] The Court indicated: The Complaint states that the defendants employed the plaintiff as a deputy for the Washington County Sheriff's Office for 13 years, and that defendant Michael Robinson served as the Washington County Sheriff. Filing No. 1, at ¶¶ 4, 5. The Complaint alleges that defendants terminated the plaintiff in retaliation for engaging in protected speech. *Id.* at ¶¶ 11-13, that defendant Robinson made stigmatizing remarks against the plaintiff, and that the defendants have failed to follow proper arbitration

issued his award on May 10, 2015. *See* Filing No. 40, Ex. 1. The arbitrator defined the issue as: "Was Deputy Donald Morgan terminated for just cause, and, if not, what should the remedy be?" *Id.* at p. 2. The arbitrator specifically stated that "While the Grievant has raised Constitutional issues regarding freedom of speech and seeks damages which may or may not be appropriate in a civil suit, my focus must be on the language of the contract itself and any related policies and rules of the sheriff's office". *Id.* at 9. The arbitrator did not discuss or decide the constitutional issues raised by the plaintiff. The arbitrator concluded that the County did not have just cause to terminate Deputy Sheriff Donald Morgan for the statements he made during his primary campaign for sheriff. Particularly, the arbitrator stated that:

> His conduct did not demonstrate moral turpitude, his statements were not falsehoods intent upon personal gain, and he did not slander or speak detrimentally about the sheriff's office or another employee. Rather, Deputy Morgan engaged in a spirited political campaign in which he expressed his positions on matters involving the sheriff's office which he considered to be important. There is no evidence that such statements damaged the Sheriff's office or interfered in any way with its operation. Just cause did not exist for his termination.

*Id.* at 9. The arbitrator ordered reinstatement, back pay, lost benefits and seniority. Neither side asked for reconsideration, nor did any of the parties appeal this ruling (if they were in fact entitled to appeal). The defendants have reinstated the plaintiff as of June 3, 2015; have awarded back pay; and have restored benefits. As a result, the defendants move to dismiss this case and plaintiff moves for partial summary judgment.

---

procedures and have denied the plaintiff an opportunity to clear his name before an impartial tribunal. *Id.* at ¶¶ 15-16. The speech involved Donald Morgan's campaign against defendant Michael Robinson who both ran for election for the position of Washington County Sheriff. Robinson won the primary election on May 13, 2014, and on May 18, 2014, defendants terminated Morgan from the Washington County Sheriff's Department. Morgan claims defendants fired him, because of statements he made during the election.

Filing No. 36, at 1-2.

**DISCUSSION**

Plaintiff firsts ask that this Court grant his partial summary judgment motion, regarding the breach of contract claim, on the basis of the arbitrator's decision. Filing No. 38. Defendants ask the Court to dismiss the case, also on the basis of the arbitrator's decision. The plaintiff also asks this court to stay the arbitrator's award with respect to the breach of contract claim until the conclusion of the remaining issues in this case. Plaintiff contends he will ask for front pay or other monetary remedies for his § 1983 claims. He does not believe that reinstatement is feasible, and thus such remedy should be stayed pending the outcome of his constitutional claims. However, he wishes to allow the back pay and costs to go into effect.

The Court agrees that it should not undertake to review the merits of the arbitrator's decision with respect to the breach of contract claim. See Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 562-63 (1976) ("Courts are not to usurp those functions which collective-bargaining contracts have properly 'entrusted to the arbitration tribunal.' Id., at 569, 80 S.Ct., at 1347, 4 L.Ed.2d at 1405. They should not undertake to review the merits of arbitration awards but should defer to the tribunal chosen by the parties finally to settle their disputes. Otherwise 'plenary review by a court of the merits would make meaningless the provisions that the arbitrator's decision is final, for in reality it would almost never be final.' Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 599 (1960))."

With regard to the breach of contract claim, it is clear that the plaintiff agrees with the findings of the arbitrator but not the remedy. The problem with plaintiff's request is that it requires the Court to change the remedy issued of the arbitrator. The Court is not going to do so. First, the Court will not allow the plaintiff to re-litigate that which the arbitrator has decided with respect to the breach of contract claim, and no one argued that the arbitrator

3

acted outside of his scope when applying this remedy. Accordingly, the Court has no authority to grant plaintiff's motion for partial summary judgment. Second, the parties did not attempt to appeal any part of the decision of the arbitrator, or ask for reconsideration. Further, the Court agrees with the defendants that the Agreement does not provide for judicial confirmation of the arbitration award. In the Eighth Circuit, parties must have an express affirmative agreement providing for judicial confirmation of an award for a federal court to have authority under section 9 of the Federal Arbitration Act to enter judgment on the award. See *PVI, Inc. v. Ratiopharm GmbH,* 135 F.3d 1252,1253-54 (8th Cir. 1998) ("the FAA provides that a party to an arbitration may apply to the court for confirmation of an arbitration award only '[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration.'") (quoting 9 U.S.C. § 9). Accordingly, the Court will not review the merits of the arbitrator's decision as it relates to the breach of contract claim.

However, that is not the case with regard to the plaintiff's First Amendment claim under § 1983. With regard to the constitutional claims raised under § 1983, the United States Supreme Court has held:

> "It is apparent, therefore, that in a § 1983 action, an arbitration proceeding cannot provide an adequate substitute for a judicial trial. Consequently, according preclusive effect to arbitration awards in § 1983 actions would severely undermine the protection of federal rights that the statute is designed to provide. We therefore hold that in a § 1983 action, a federal court should not afford res judicata or collateral-estoppel to effect an award in an arbitration proceeding brought pursuant to the terms of a collective-bargaining agreement."

*McDonald v. City of W. Branch, Mich.,* 466 U.S. 284, 292 (1984). Accordingly, the Court finds the case as it relates to the alleged constitutional claims shall proceed.

The determinations and remedies as found by the arbitrator with respect to the breach of contract claim are controlling, and the Court will not address any of those issues. However, the plaintiff is entitled to proceed on his constitutional claims and ask for whatever relief is deemed appropriate.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's motion for partial summary judgment, Filing No. 38, is denied;

2. Plaintiff's motion for a stay, Filing No. 41, is denied;

3. Defendants' motions to strike, Filing Nos. 46 and 47, are denied;

4. Defendants' motion to dismiss, Filing No. 56, is denied;

5. The magistrate judge shall proceed to progress this case on the constitutional issues remaining herein.

6. The stay in this case is lifted.


Dated this 4th day of September, 2015

                                          BY THE COURT:

                                          s/ Joseph F. Bataillon
                                          Senior United States District Judge